EDWIN A. LOMBARD, Judge.
|,The Appellant, Steven Jones, seeks review of the May 14, 2014 judgment of the district court dismissing his case with prejudice. Finding that the judgment of the district court is not manifestly erroneous or clearly wrong, we affirm.
On December 31, 2009, Mr. Jones was involved in a car accident with George Brevaldo (“Mr. Brevaldo”) in New Orleans. Heading eastbound on Chef Ment-eur Highway, he was driving his 1999 Mercury Mountaineer sports utility vehicle (“SUV”) in the far right lane. Mr. Jones’ SUV was sideswiped on the driver’s side by Mr. Brevaldo, who began to merge his recreational vehicle (“RV”) into the far right lane. The New Orleans Police Department was called to the scene and Mr. Brevaldo was the only driver who received a citation.
Mr. Jones initially presented himself for treatment two days after the accident at the emergency room of Ochsner Baptist Hospital. He further testified that he was treated by. Dr. S. Elliot Greenberg and Dr. Jason Kennedy for his injuries to his neck, shoulder and upper back. Mr. Jones received treatment for his injuries until August 2010.
Additionally, the record reflects that Mr. Jones was involved in two (2) car accidents following the December 2009 accident. In February 2010, he was |2involved in an accident for which he received medical treatment with the aforementioned doctors. He settled his claims arising out of that accident. Moreover, an Independent Medical Examination report — prepared by Dr. Ralph Katz — states that Mr. Jones was involved in a third car accident on March 29, 2011, for which he received medical treatment from Dr. Dwight McKenna.
Regarding the December 2009 accident, Mr. Jones settled his property damage claim' — -for a damaged side-view mirror— with Mr. Brevaldo’s insurer, American Reliable Insurance Company (“American”), for approximately $700. Thereafter, he sued Mr. Brevaldo and American (collectively referred to as “the Appellees”) for his personal injuries and damages resulting from the December 2009 accident. A bench trial was held on April 3, 2014, and Mr. Jones was the only witness who testified at trial. The district court rendered judgment in favor of the Appellees and dismissed Mr. Jones’ claim with prejudice at his cost. This timely appeal followed wherein Mr. Jones raises four (4) assignments of error:
*117 1. The district court failed to consider that the doctor who treated him shortly after the accident diagnosed him with a strained neck and lower back pains as a result of this accident;
2. The district court failed to consider that he was seen by a licensed chiropractor for over 18 months from injuries sustained in this accident;
3. The district court failed in not considering the citation given to Mr. Bre-valdo at the time of accident, which clearly places the blame solely and exclusively on Mr. Brevaldo; and
4. The district court erred in not investigating the nature of Mr. Jones’ Social Security claim.
It is well-established law that we review the factual findings of the trial court for manifest error. Hammond v. Rahsaana, 13-1202, p. 5 (La.App. 4 Cir. 2/26/14), 135 So.3d 1207, 1210. Where two permissible views of the evidence exist, the fact-finder’s choice cannot be manifestly erroneous or clearly wrong. Id. p. 5, 135 So.3d at 1211. The appellate court “must be cautious not to re-weigh the evidence or to substitute its own factual findings” for those of the trial court. Id. The issue to be resolved by a reviewing court is whether the fact-finder’s conclusion was reasonable. Id., pp. 5-6, 135 So.3d at 1211.
The crux of Mr. Jones’ appeal is that the district court abused its discretion in failing to award him damages even though the facts of the accident are not in dispute. Mr. Jones further avers that the district court erred in giving greater weight to his testimony as opposed to the facts presented into evidence, such as the police officer who cited the defendant, and the physicians who treated him. He maintains that he is the innocent party in this accident and has been left uncompensated by the district court. Thus, he seeks a $50,000 award for his pain, suffering and mental anguish.
Though the various assignments of error of Mr. Jones address the alleged failure of the district court to consider some of the evidence presented, the district court’s judgment is based upon its finding that Mr. Jones was “unworthy of belief.” In matters of credibility, an appellate court gives great deference to the findings of the trier of fact. Franz v. First Bank Sys., Inc., 03-0448, p. 9 (La.App. 4 Cir. 2/11/04), 868 So.2d 155, 162 (citing Rosell v. ESCO, 549 So.2d 840 (La.1989)). The trial court is in the best position to view the demeanor and mannerisms of the witnesses. Id.
In its Reasons for Judgment, the district court explained that it found Mr. Jones testimony unreliable because the accident was so minor that it was hard to | ^believe it could cause the damages Mr. Jones claimed. In addition to other inconsistencies in his testimony, the district court noted that “Mr. Jones told the doctor evaluating him for social security that he had long standing neck problems yet he never mentioned those to the health care providers for the accident at bar.” We too find that Mr. Jones’ testimony was unreliable.
Mr. Jones testified that he was travel-ling at approximately 32 mph at the time of the accident. He explained that he felt Mr. Brevaldo’s RV push his SUV when he was sideswiped. He further testified that he swerved to his right, onto a curb, as he approached the intersection of Chef Ment-eur Highway and Chantilly Drive, which caused him to hit his head on the “glass” inside his car. Concerning his physical condition at the time of the accident, Mr.' Jones testified that he did not have any neck problems prior to the December 2009 accident. He claimed that as a result of said accident, he was treated for neck pain *118 as well as shoulder and back pain. He further asserted at trial that his SUV ran perfectly before this accident, but he started having car trouble, including his transmission issues, after this accident. He also maintained that he was unable to work as a roofer and driver for Domino’s after the accident.
Later, however, Mr. Jones began making statements that contradicted his prior testimony. When presented with records from Dr. Miljana Mandich (“Dr. Man-dich”) — who treated him in November 2010, in association with his application for disability benefits — Mr. Jones did not dispute that he informed Dr. Mandich that he suffered with neck pain his whole life. Mr. Jones further elaborated that he suffered from neck problems throughout his life as a result of being shot, incarcerated and sleeping on floors and on hard mattresses. Additionally, he stated that he has always suffered with pains in his back, body and | filegs. The record also shows that in a deposition, Mr. Jones testified that no portion of his body hit anything in his car.
Regarding his ability to work, Mr. Jones testified that he has worked on roofing jobs many times since the December 2009 accident, and has been compensated for his work. Moreover, he explained that he lost his delivery job with Domino’s because he lacked transportation, not because of his alleged injuries.
Furthermore, pictures of his vehicle, which was 10 years old when the accident occurred, evidence that the SUV was not in the best condition, including having a front bumper that was tied to the front of the vehicle. Moreover, Mr. Jones had already settled his property damage claim with the Appellees by the time he asserted that his transmission issues were caused by the subject accident.
Considering the minor physical damage that Mr. Jones’ vehicle sustained, his two subsequent accidents, preexisting medical conditions and conflicting testimony, the district court had a reasonable basis to conclude that Mr. Jones testimony was unreliable and that he did not sustain any physical injuries as a result of this accident. As stated above, where two permissible views of the evidence exist, the' fact-finder’s choice cannot be manifestly erroneous or clearly wrong.
We recognize that any person injured through the fault of another is entitled to full indemnification for his damages. La. Civ.Code art. 2315; Wainwright v. Fontenot, 00-492, p. 5 (La.10/17/00), 774 So.2d 70, 74. Moreover, defendants take their victims as they find them and are responsible for all natural and probable consequences of their tortious conduct. Am. Motorist Ins. Co. v. Am. Rent-All, Inc., 579 So.2d 429, 433 (La.1991). The Supreme Court has explained that it is, however, the plaintiffs burden in a personal injury suit to prove a causal relationship between the injury sustained and the accident which caused the injury. Id. A plaintiff must prove causation by a prepon derance of the evidence. Morris v. Orleans Parish School Bd., 553 So.2d 427, 430 (La.1989). A presumption of causation will aid a plaintiff in meeting this burden, if before, the accident, the injured person was in good health, but, commencing with the accident, the symptoms of the disabling condition appear and continuously manifest themselves afterwards, providing that the medical evidence shows there to be reasonable possibility of a causal connection between the accident and the disabling condition. Housley v. Cerise, 579 So.2d 973, 980 (La.1991).
In the matter sub judice, Mr., Jones’ conflicting testimony, as well as his medical records and other evidence introduced at trial, prevented him from establishing *119 the requisite causal connection. We find that the district court’s determination that Mr. Jones’s testimony was unreliable is reasonable based upon the record. Therefore, for the forgoing reasons, we find that the judgment of the district court is not manifestly erroneous or clearly wrong.
DECREE
For the foregoing reasons, we affirm the judgment of the district court.
AFFIRMED.